## Pa. Dept. of Transportation v. Eastman

*Howard G. Bischoff,* for Commonwealth.
*Dennis G. Kuftic,* for Defendant.

WOLFE, *P.J.,* October 22, 1984—Defendant has appealed his license suspension by the Department of Transportation, Bureau of Motor Vehicles for a period of one year by reason of his alleged failure to submit to chemical determination of his breath, the taking of an intoxilyzer examination under Section 1547(a) of the Motor Vehicle Code (75 P.S. § 1547)(a)).

Defendant does not challenge the probable cause of the police officers who arrested him for driving while under the influence to request the intoxilyzer examination. After defendant's arrest he was transported to the police station where he was requested to take and defendant agreed to take the examination. The arresting officer, who was a qualified operator of the machine readied the intoxilyzer, however, made a mistake by failing to turn a dial to "test." When defendant blew in the tube the intoxilyzer indicated a reading but failed to make a printout. The officer declared the test void for that reason and immediately requested defendant to again blow into the tube which defendant did and this time there

was no reading indicated and printout for the reason the officer neglected to re-ready the machine. Thereafter the examining officer requested his companion officer to ready the machine and who also was a qualified examiner which he did but on the third request defendant refused to blow into the tube. Defendant then requested a blood examination. The officers transported defendant to the Warren General Hospital, however, defendant refused to sign a release to the hospital exonerating it from any liability from the extraction of blood. Thereafter the officers again requested defendant to take the breathalyzer and he again refused.

Defendant's position is he, in fact, took two examinations and therefore has complied with the statute.

There is no dispute the length of time from the first request to take the examination to the time the second officer readied the machine for the third attempt was a maximum of 15 minutes.

Section 1547 of the Vehicle Code provides any person who drives, operates or is in actual physical control of the movements of the vehicle shall be deemed to have given "consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable ground to believe the person to have been driving a motor vehicle." It is therefore apparent a police officer can request more than one chemical test of an operator's breath. Here, the officer admittedly made an error in the operation of the intoxilyzer. Defendant argues there were in fact two errors and for this reason he should not therefore be subject to a third test. We disagree. The second alleged error was simply a continuation of the first mistake the officer made by not clearing the

intoxilyzer and commencing the procedure again. We consider this to be one attempted test. We also conclude a test is not a test until it is completed. Here since there was no printout of the blood alcohol content in defendant's blood there could be no test. His refusal to take the second exam after the machine was readied by the other officer was a refusal.

We give defendant the benefit of the doubt for his refusal to take the blood examination as there is no evidence the arresting officers requested the blood extraction despite the fact defendant threatened to sue anyone taking blood from him. Section 1547 (j) grants immunity from civil liability to any physician, nurse or hospital employee who administers the test at the request of a police officer pursuant to the act. After defendant's threat the officers did not pursue the blood extraction examination despite the immunity section.

For these reasons we enter the following

## ORDER

And now, this October 22, 1984, the appeal of defendant from suspension of his motor vehicle privileges is dismissed and the order of the Department of Transportation, Bureau of Motor Vehicles suspending defendant's operating privileges for a period of one year is affirmed.